GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By:  TOMOKO ONOZAWA
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2721
Facsimile: (212) 637-2717
Email: tomoko.onozawa@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EVERYTOWN FOR GUN SAFETY SUPPORT FUND,<br><br>Plaintiff,<br><br>v.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES,<br><br>Defendant. | 18 Civ. 2296 (AJN)<br><br>**ANSWER** |

Defendant Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), by its attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, hereby answers the complaint of plaintiff Everytown for Gun Safety Support Fund ("Plaintiff") upon information and belief as follows:

1. Paragraph 1 constitutes Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.  To the extent paragraph 1 contains factual allegations to which a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2. Admits that Plaintiff submitted a FOIA request dated December 14, 2016 (the

"FOIA Request") to ATF, and ATF respectfully refers the Court to the FOIA Request for a true and complete statement of its contents. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2.

3. The allegations in paragraph 3 constitute Plaintiff's characterization of its FOIA Request, and ATF respectfully refers the Court to the FOIA Request for a true and complete statement of its contents.

4. Paragraph 4 constitutes Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required. To the extent paragraph 4 of the complaint contains factual allegations to which a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

5. The allegations in paragraph 5 constitute Plaintiff's characterization of the Consolidated and Further Appropriations Act, 2012, Pub. L. 112-55, 125 Stat. 552 (2011) ("2012 Appropriations Act"), and ATF respectfully refers the Court to the statute for a complete and accurate description of its contents.

6. Paragraph 6 constitutes Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required. To the extent paragraph 6 contains factual allegations to which a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, except avers that certain firearms trace data is publicly available on ATF's website, and respectfully refers the Court to the agency's website for a complete and accurate description of its contents.

7. Paragraph 7 constitutes Plaintiff's characterization of alleged background

information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required.  To the extent paragraph 7 contains factual allegations to which a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, except avers that certain firearms trace data is publicly available on ATF's website, and respectfully refers the Court to the agency's website for a complete and accurate description of its contents.

8. Denies the allegations in the first sentence of paragraph 8.  Admits that ATF sent a letter to Plaintiff dated April 6, 2017 denying Plaintiff's FOIA Request, and respectfully refers the Court to that letter for a complete and accurate description of its contents.

9. Admits that, on or about June 22, 2017, Plaintiff filed an administrative appeal of ATF's determination letter dated April 6, 2017 with the Department of Justice's Office of Information Policy ("OIP"), that OIP assigned the appeal Appeal No. DOJ-AP-2017-004986, and that OIP issued a determination letter relating to Appeal No. DOJ-AP-2017-004986 dated July 6, 2017, and respectfully refers the Court to those letters for a complete and accurate description of their contents.

10. The allegations in paragraph 10 constitute Plaintiff's characterization of the relief it seeks, to which no response is required.  To the extent a response is required, ATF denies that Plaintiff is entitled to any relief.

## JURISDICTION AND VENUE

11. The allegations in paragraph 11 constitute Plaintiff's conclusions of law regarding jurisdiction, to which no response is required.

12. The allegations in paragraph 12 constitute Plaintiff's conclusions of law regarding venue, to which no response is required.

## PARTIES

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15. Admits the allegations in paragraph 15.

## BACKGROUND

16. Paragraph 16 contains Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required. To the extent paragraph 16 contains factual allegations to which a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

17. Paragraph 17 of the complaint contains Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required. To the extent paragraph 17 of the complaint contains factual allegations to which a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18. Paragraph 18 of the complaint contains Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required. To the extent paragraph 18 contains factual allegations to which a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19. Paragraph 19 contains Plaintiff's characterization of alleged background

information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required. To the extent paragraph 19 contains factual allegations to which a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20. Paragraph 20 contains Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required. To the extent paragraph 20 contains factual allegations to which a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

21. Paragraph 21 contains Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required. To the extent paragraph 21 contains factual allegations to which a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21.

22. Paragraph 22 constitutes Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required. To the extent paragraph 22 contains factual allegations to which a response is required, denies the allegations in paragraph 22 and respectfully refers the Court to ATF's website for a description of ATF's National Tracing Center and its firearms tracing process at https://www.atf.gov/firearms/national-tracing-center.

23. Paragraph 23 constitutes Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required. To the extent paragraph 23 contains factual allegations

to which a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23, except avers that certain firearms trace data is publicly available on ATF's website, and respectfully refers the Court to the agency's website for a complete and accurate description of its contents.

24. Paragraph 24 constitutes Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required. To the extent paragraph 24 contains factual allegations to which a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24, except avers that certain firearms trace data is publicly available on ATF's website, and respectfully refers the Court to the agency's website for a complete and accurate description of its contents.

25. Paragraph 25 constitutes Plaintiff's characterization of the Consolidated Appropriations Resolution of 2003, Pub. L. No. 108-7 § 644, 117 Stat. 11 (2003) and subsequent appropriations statutes containing provisions which limit the disclosure of firearms trace data in ATF's possession, custody and control. ATF respectfully refers the Court to those statutes for their contents.

26. Paragraph 26 constitutes Plaintiff's characterization of the 2012 Appropriations Act, and respectfully refers the Court to that statute for its contents.

*Everytown's FOIA Request*

27. The allegations in paragraph 27 constitute Plaintiff's characterization of its FOIA Request, and ATF respectfully refers the Court to the FOIA Request for a true and complete statement of its contents.

28. Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 28.

29. Admits that ATF sent a letter to Plaintiff dated April 6, 2017, and respectfully refers the Court to that letter for a complete and accurate description of its contents.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

31. Admits that Plaintiff filed an administrative appeal of ATF's denial of the FOIA Request with OIP by letter dated June 22, 2017, and respectfully refers the Court to that letter for a complete and accurate description of its contents.

32. Admits that OIP sent a letter to Plaintiff dated July 6, 2017, which affirmed ATF's denial of the FOIA Request, and respectfully refers the Court to that letter for a complete and accurate description of its contents.

33. The allegations in the first sentence of paragraph 33 constitutes Plaintiff's characterization of a reported decision in *Watkins v. ATF*, No. Civ.A. 04-800, 2005 WL 2334277 (D.D.C. Sept. 1, 2005), and ATF respectfully refers the Court to that decision for a complete and accurate description of its contents.  Denies the remaining allegations in paragraph 33, except avers that certain firearms trace data is publicly available on ATF's website, and respectfully refers the Court to the agency's website for a complete and accurate description of its contents.

## CAUSE OF ACTION

34. Repeats each and every response set forth herein to the allegations in paragraphs 1-33.

35. Paragraph 35 contains conclusions of law to which no response is required.  To the extent paragraph 35 contains factual allegations to which a response is required, denies the allegations in paragraph 35.

36. Paragraph 36 contains conclusions of law to which no response is required. To the extent paragraph 36 contains factual allegations to which a response is required, denies the allegations in paragraph 36.

37. Paragraph 37 contains conclusions of law to which no response is required. To the extent paragraph 37 contains factual allegations to which a response is required, denies the allegations in paragraph 37.

38. Paragraph 38 contains conclusions of law to which no response is required. To the extent paragraph 38 contains factual allegations to which a response is required, denies the allegations in paragraph 38.

39. Paragraph 39 of the complaint contains conclusions of law to which no response is required. To the extent paragraph 39 contains factual allegations to which a response is required, denies the allegations in paragraph 39.

40. The remaining paragraphs of the complaint contain Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, denies that Plaintiff is entitled to the requested relief, or to any relief whatsoever.

## FIRST DEFENSE

The information requested in Plaintiff's FOIA Request is exempt in whole or in part under the FOIA. *See* 5 U.S.C. § 552(b).

## SECOND DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's request for relief that exceeds the relief authorized by statute under FOIA, 5 U.S.C. § 552.

Dated: New York, New York
April 23, 2018

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney
Southern District of New York

By:   */s/ Tomoko Onozawa*
TOMOKO ONOZAWA
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2721
Fax: (212) 637-2717
E-mail: tomoko.onozawa@usdoj.gov

## CERTIFICATE OF SERVICE

      I, TOMOKO ONOZAWA, Assistant United States Attorney for the Southern District of New York, hereby certify that on April 23, 2018, I caused a copy of the foregoing Answer to the Complaint to be served by ECF, on the following:

      Eric Tirschwell, Esq.
      Alla Lefkowitz, Esq.
      Everytown for Gun Safety
      132 E. 43rd Street, #657
      New York, New York 10017

      Lawrence S. Lustberg, Esq.
      Gibbons, Del Del, Dolan, Griffinger & Vecchione
      1 Riverfront Plaza
      Newark, NJ 07102
      *Counsel for Plaintiff*

Dated:   New York, New York
           April 23, 2018

                                       */s/ Tomoko Onozawa*
                                       TOMOKO ONOZAWA