# GIBBONS

**SO ORDERED:** 7/13/18

/s/ Alison J. Nathan

HON. ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE

JOHN J. GIBBONS FELLOWSHIP IN
PUBLIC INTEREST & CONSTITUTIONAL LAW

LAWRENCE S. LUSTBERG
DIRECTOR

AVRAM D. FREY
ASSOCIATE

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4500

July 12, 2018

**VIA ECF**

> The parties' joint request to be relieved of their obligation to submit a proposed Case Management Plan is GRANTED. The Court also SO ORDERS the parties' proposed briefing schedule for summary judgment practice. Accordingly, the initial pretrial conference previously scheduled for July 20, 2018 is hereby adjourned *sine die*. SO ORDERED.

Honorable Alison J. Nathan
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Everytown for Gun Safety Support Fund v. Bureau of Alcohol, Tobacco, Firearms, and Explosives*, 1:18-cv-02296-AJN:

Letter-Motion Concerning Case Management Plan, Initial Pretrial Conference and Summary Judgment Briefing Schedule

Dear Judge Nathan:

We write respectfully on behalf of the parties in the above-captioned matter pursuant to the Court's March 19, 2018 order, which set a date for the initial pretrial conference on July 20, 2018 and ordered the parties to file a proposed Civil Case Management Plan and Scheduling Order no later than seven days prior to the conference. (ECF No. 8). Counsel for Plaintiff Everytown for Gun Safety Support Fund ("Plaintiff" or "Everytown") have conferred with counsel for Defendant Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF" or the "Government") on these issues.

Because this action is brought pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), we understand Local Rule 16.1 to exempt this case from the requirement of a mandatory scheduling order contained in Federal Rule of Civil Procedure 16(b), and Federal Rules of Civil Procedure 26(a)(1)(B) and 26(f) to further exempt this case from requirements to exchange initial disclosures and prepare a discovery plan, respectively. The parties expect this case, like most FOIA cases, to be resolved by cross-motions for summary judgment or settlement. *See, e.g., Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994) (explaining that in FOIA cases, "the district court may forego discovery and award summary judgment on the basis of affidavits" (internal quotation marks omitted)). Accordingly, the parties respectfully request that they be relieved of their obligation to submit a proposed Civil Case Management Plan and Scheduling Order. **SO ORDERED.**

In lieu of a Civil Case Management Plan and Scheduling Order, the parties submit this letter motion to advise the Court regarding the nature of this action, and to solicit the Court's endorsement of a proposed schedule for summary judgment briefing and related issues.

GIBBONS P.C.

Honorable Alison J. Nathan
July 12, 2016
Page 2

### 1. Nature of the action and principal defenses

Plaintiff brings this action to compel the ATF to release certain documents under FOIA. In particular, Plaintiff seeks statistical aggregate data compiled by the ATF pertaining to the recovery of firearms found at the scenes of suicides, and attempted suicides, in 2012 and 2013 (the "2012-2103 Trace Data").[1] *See* Compl. ¶¶ 2-10 (ECF No. 1). The Government asserts that the information sought in Plaintiff's FOIA request is exempt in whole or in part from disclosure pursuant to 5 U.S.C. § 552(b). *See* Answer at 8 (ECF No. 11). The Government further asserts that the Court lacks subject matter jurisdiction over any requests for relief that exceed the relief authorized under FOIA. *Id.*

### 2. Basis for subject matter jurisdiction and venue

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B). Venue is premised on the principal place of business for Everytown in New York, NY and is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

### 3. Motions

There are currently no outstanding motions or outstanding requests to file motions. The parties intend to proceed directly to dispositive motion practice, and propose the following briefing schedule:

| Defendant's Motion for Summary Judgment | September 17, 2018 |
|---|---|
| Plaintiff's Opposition to Motion for Summary Judgment, and Cross-Motion for Summary Judgment | October 12, 2018 |
| Defendant's Reply, and Opposition to Cross-Motion for Summary Judgment | October 26, 2018 |
| Plaintiff's Reply on Cross-Motion | November 9, 2018 |

SO ORDERED.

---

[1] Plaintiff has made a separate FOIA request to Defendant for identical information pertaining to years 2014 through 2017. Defendant denied that request, and an appeal is currently pending before DOJ's Office of Information Policy.

GIBBONS P.C.

Honorable Alison J. Nathan
July 12, 2016
Page 3

### 4. Discovery

Because this action arises under FOIA, the parties plan to proceed directly to summary judgment briefing without discovery. However, Plaintiff does not waive, and expressly reserves, its right to seek limited discovery pursuant to Fed. R. Civ. P. 56(d), to the extent necessary to respond to the Government's motion for summary judgment, as the caselaw permits. *See N.Y. Times Co. v. United States Dep't of the Treasury*, No. 15-cv-5740, 2016 U.S. Dist. LEXIS 55281, at *10-11 (S.D.N.Y. Apr. 26, 2016) (citing *Carney v. United States Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994)). The Government likewise reserves its right to oppose any such request for discovery.

### 5. Settlement

The parties do not believe this matter is appropriate for resolution by negotiated settlement at this time.

### 6. Estimated length of trial

The parties do not anticipate a trial in this action, which we anticipate will be decided on cross-motions for summary judgment.

### 7. Consent to further proceedings before Magistrate Judge

The parties do not consent to conducting all further proceedings before a United States Magistrate Judge.

### 8. Other information

As noted above, Plaintiff has made a separate FOIA request concerning identical categories of aggregate trace data for firearms recovered from the scene of suicides, or attempted or suicides, for the years 2014 through 2017 ("2014-2017 Trace Data") (ATF Reference No. 2018-0501). This request was denied on April 4, 2018, for reasons identical to the denial of Plaintiff's request for the 2012-2013 Trace Data. Plaintiff appealed this denial to the Department of Justice's Office of Information Policy (Appeal Tracking Number DOJ-AP-2018-004448) and a final determination is expected on or about July 24, 2018. *See* **Exhibit A** (Email from Office of Information Policy to Alla Lefkowitz, dated June 19, 2018).

If the Office of Information Policy denies Plaintiff's request, the parties will meet and confer with respect to (i) a motion by Plaintiff to supplement the Complaint, pursuant to Fed. R. Civ. P. 15(d), to include Plaintiff's FOIA request for the 2014-2017 Trace Data; and (ii) if necessary, a stay or extension of summary judgment briefing and alteration of the scheduling

GIBBONS P.C.

**Honorable Alison J. Nathan**
July 12, 2016
Page 4

order to allow for time for the parties to file supplemental pleadings. The parties do not anticipate that the request for the 2014-2017 Trace Data will add new substantive issues to this matter, or materially delay adjudication of this matter.

Finally, because the parties do not presently anticipate any need to take discovery in this case, the parties respectfully request that the Court cancel the scheduled Initial Pretrial Conference, in accordance with provision 2(B) of this Your Honor's Individual Rules, which states that, "[i]f counsel agree on a schedule that calls for the close of all discovery not more than six months from the date of the Notice of Initial Pretrial Conference, the parties may request in the above-referenced Joint Letter that the Initial Pretrial Conference be cancelled. The Court will ordinarily grant such a request." If the Court decides that the July 20, 2018 initial conference should proceed as scheduled, however, the parties are available to appear on that date.  SO ORDERED.

Of course, if Your Honor has any questions or concerns, please do not hesitate to contact us. Thank you for your kind consideration of this matter.

Respectfully submitted,

/s/ Lawrence S. Lustberg
Lawrence S. Lustberg
GIBBONS P.C.
1 Gateway Center
Newark, NJ 07102
Tel. (973) 596-4731
Fax: (973) 639-6285
Email: llustberg@gibbonslaw.com

*Counsel for Plaintiff*

CC: Tomoko Onozawa (Via ECF)

SO ORDERED.

Dated: _____

_____
JUDGE ALISON J. NATHAN
United States District Judge

# **EXHIBIT A**

6/20/2018

Case 1:18-cv-02296-AJN   Document 14   Filed 07/13/18   Page 6 of 6
Case 1:18-cv-02296-AJN   Document 13-1   Filed 07/12/18   Page 2 of 2

Alla Lefkowitz <alefkowitz@everytown.org>

## Status of DOJ-AP-2018-004448

**OIP-NoReply** <OIP-NoReply@usdoj.gov>  Tue, Jun 19, 2018 at 5:53 PM
To: "alefkowitz@everytown.org" <alefkowitz@everytown.org>

Ms. Lefkowitz,

We expect that this appeal will be adjudicated in the next 4-5 weeks.

Thank you.